IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL L. KATHREIN,            )
                                )
            Plaintiff,          )
                                )
    v.                          )   No. 05 C 1718
                                )
R. J. SIEGEL,                   )
                                )
            Defendant.          )

MEMORANDUM ORDER

Michael Kathrein ("Kathrein") has filed this pro se action against R.J. Siegel ("Siegel"), seeking to invoke federal jurisdiction on several grounds. Kathrein relies in principal part upon Siegel's alleged violation of two sections of the United States Criminal Code (18 U.S.C. §§2701(a)(1) and 2707(a)), but he also points to a number of provisions of Title 28[1]--Sections 1331 (described as the "general federal question statute"), 1332 (described as "diversity of citizenship"), 2201 and 2202 (described as "the federal declaratory and injunctive relief statutes") and 1367(a) (labeled the "pendent jurisdiction statute"). In compliance with the fundamental principle that the first thing a federal judge should do is to examine the existence or nonexistence of subject matter jurisdiction (see, e.g., <u>Wis. Knife Works v. Nat'l Metal Crafters</u>, 781 F.2d 1280, 1282 (7th

---

[1] All references to Title 28 provisions will take the form "Section --." In addition, because the difference in numbering eliminates any possibility of confusion, the Title 18 citations will take the same "Section --" form.

Cir. 1986)) this memorandum order is issued sua sponte to require Kathrein to provide better justification for his resort to this federal court.

To begin with, Section 1331 of course adds nothing to the mix--what Kathrein is required to do is to substantiate the substantive federal questions involved. And on that score Kathrein points to the private right of action provided by Section 2707(a) for an asserted violation of Section 2701(a)(2).[2] But because the latter provision is limited to a person who "intentionally exceeds an authorization to access [a] facility through which an electronic communication service is provided," and because nothing in Complaint ¶7 or elsewhere in Kathrein's allegations identifies Siegel as having engaged in an <u>intentional</u> violation, Kathrein is ordered on or before April 15, 2005 to file in this Court's chambers (and to serve contemporaneously on Siegel or, if known, Siegel's counsel) an amendment to the Complaint setting out his good faith basis for such an assertion. In that regard Kathrein is reminded that his basic allegations ascribe fraud to Siegel (see Complaint ¶¶10-14), allegations as to which Fed. R. Civ. P. 9(b) requires particularized statements by the pleader.

---

[2] Although Kathrein refers to Section 2701(a)(1), his substantive allegations indicate otherwise. According to Complaint ¶7, Siegel had access to Kathrein's computers pursuant to a court order, but he assertedly exceeded his authorization.

2

Next, neither Section 2201 nor Section 2202 is a fount of federal jurisdiction, which must exist independently of those statutes before relief under either of those sections becomes available. And similarly Section 1367(a), more accurately referred to as the "supplemental jurisdiction" rather than "pendent jurisdiction" statute, is by definition available only if some other predicate for federal jurisdiction exists.

That then leaves the possibility of establishing diversity of citizenship jurisdiction under Section 1332, which is also adverted to in Complaint ¶1. On that score even a nonlawyer such as Kathrein should know that by definition the relevant jurisdictional fact for such purposes is each party's state of <u>citizenship</u>, not Kathrein's place of residence (Complaint ¶3) or Siegel's business address (Complaint ¶4).

In that respect our Court of Appeals has instructed in <u>Held v. Held</u>, 137 F.3d 998, 1000 (7th Cir. 1998), quoting <u>Guaranty Nat'l Title Co. v. J.E.G. Assocs.</u>, 101 F.3d 57, 59 (7th Cir. 1996):

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

But even apart from the still open question under Sections 2707(a) and 2701(a)(2) referred to earlier, this Court would be loath to stick Kathrein with another $250 in filing fees if the Complaint's flaws are curable, so that it will not consider

3

dismissal of that claim at this time.

But Kathrein should be aware that even if he provides the proper information from which it can be determined that the requisite diversity does exist, he will not be home free on that facet of his claim. In that respect, it is not at all clear from the Complaint's allegations that Kathrein can in good conscience assert that more than $75,000 is in controversy by reason of the conduct referred to in Complaint ¶7.[3] More is needed for an informed valuation of that assertion.

In sum, Kathrein is ordered to address all of the matters referred to here in the amendment to his Complaint referred to earlier. In the meantime, on the assumption that Kathrein may be able to do the job satisfactorily, this Court is contemporaneously issuing its customary initial scheduling order.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 30, 2005

---

[3] Other allegations such as those in Complaint ¶¶8 and 10 are too amorphous to evaluate, calling to mind Alexander Pope's aphorism that "a little learning is a dangerous thing."