IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL L. KATHREIN,            )
                                )
            Plaintiff,          )
                                )
    v.                          )    No.   05 C 1718
                                )
R. J. SIEGEL,                   )
                                )
            Defendant.          )

MEMORANDUM OPINION AND ORDER

After this Court's June 28, 2005 dismissal of the Complaint

and action brought by pro se plaintiff Michael Kathrein

("Kathrein")--a dismissal that Kathrein appealed immediately--

counsel for defendant R.J. Siegel ("Siegel") filed a motion for

sanctions against Kathrein under Fed. R. Civ. P. ("Rule") 11.

Siegel's counsel had earlier complied with the preconditions to

such a Rule 11 motion:

    1.   On May 5 counsel had notified Kathrein of the

intent to serve him with a letter and motion pursuant to

Rule 11, asking Kathrein to withdraw his Complaint.

    2.   On June 8 counsel in fact served the appropriate

letter notice demanding withdrawal (Ex. 1 to this opinion),

coupling that notice with a Motion for Sanctions that

identified (1) sheer harassment and the needless increase

in litigation costs as Kathrein's impermissible motivations

for bringing this lawsuit (see Rule 11(b)(1)) and (2) a

lack of the required reasonable prefiling investigation

on Kathrein's part (see the introductory portion of Rule 11(b)).[1]

In turn Kathrein has timely responded to the sanctions motion, and Siegel has filed the scheduled reply. Accordingly the motion is ripe for decision.

Just a few words should be said about the 21-day escape hatch set out in Rule 11(c)(1)(A). It is quite true that the June 28 dismissal of Kathrein's action came 20 days after Siegel's June 8 notice. But there is no room for Kathrein to argue that if he had been given the full 21 days he would have withdrawn his pleading: To the contrary, his immediate appeal from the dismissal shows him to be unregenerate on that score. That situation brings into play the discussion in Methode Elec., Inc. v. Adam Techs., Inc., 371 F.3d 923, 926-27 (7th Cir. 2004)(adapted to this case):

> We could conclude that [Siegel was] in substantial compliance with Rule 11; or we could find that it was impossible for [him] to comply with Rule 11; or we could determine that [Kathrein] waived [his] right to a 21-day safe harbor.

Kathrein can scarcely complain that he lacked the full opportunity to withdraw his Rule-11-violative filing.

Now to the balance of Kathrein's response. At the outset he

---

[1] On June 10, when this Court then established a briefing schedule on Siegel's earlier-filed alternative motion to dismiss or for summary judgment, this Court also indicated that Rule 11 sanctions could be imposed on Kathrein.

poses a purported jurisdictional objection, asserting that his

pending appeal ousts this Court of jurisdiction to deal with the

sanctions motion.   But in that regard he mistakenly relies on a

Seventh Circuit decision that states the unremarkable principle

that after a notice of appeal has been filed, the District Court

loses jurisdiction to alter the judgment from which the appeal

has been taken.   That principle simply does not apply to motions

for Rule 11 sanctions--see, e.g., <u>Cooter & Gell v. Hartmarx</u>

<u>Corp.</u>, 496 U.S. 384 (1990).   As Gregory Joseph has stated in his

<u>Sanctions:   The Federal Law of Litigation Abuse</u> 331 (3d ed. 2004

cum. supp.):

> This jurisdiction-divestiture doctrine is judge-made,
> not statutory in origin.   It is a rule of prudence
> designed to prevent the confusion and inefficiency that
> would result if both the district court and the court
> of appeals were adjudicating the same issues
> simultaneously.   Every circuit to consider the issue
> has concluded that the doctrine does not apply to
> postappeal Rule 11 motions or awards.   They reason that
> a Rule 11 motion is separable and collateral from the
> decision on the merits and, therefore, the district
> court retains jurisdiction to entertain a Rule 11
> application and impose sanctions after the notice of
> appeal has been filed.

Next Kathrein, under the caption "There is no justification

for an award of sanctions in this action," sets out a

miscellaneous set of scattershot quotations and statements that

really do not bear on his sanctionable conduct that this Court

has repeatedly identified and that Siegel detailed earlier in his

motion for sanctions and has summarized briefly in his supporting

3

Mem. 4-6. In that respect Siegel has correctly identified Kathrein's bad faith motives of harassment and needlessly increasing litigation costs (see Rule 11(b)(1), as well as the absence of a reasonable prefiling investigation by Kathrein, causing him also to fail the Rule 11(b)(2) standard.

Finally Kathrein resorts to the type of regrettable name-calling that unfortunately marks the last-ditch tactic of some combatants who lack any meritorious substantive position: He charges this Court with "a spontaneous and malicious bias" against him that "should mandate...recusal." But before this litigation began this Court had never heard of Kathrein, and its dim view of him and his litigation tactics was derived solely from the litigation itself. That does not of course call for recusal, and Kathrein's wound in the form of sanctions is totally self-inflicted.

Accordingly Siegel's motion for sanctions is granted. It is supported by a showing of total fees billed for services amounting to the reasonable sum of $20,228, to which Kathrein has responded only with an unwarranted charge of "manipulative billing practices." Judgment is therefore ordered entered in favor of Siegel and against Kathrein in the sum of $20,228.

Milton I. Shadur
Senior United States District Judge

Date: August 23, 2005

4

 **SRZ** | LAW

One Prudential Plaza  TEL 312 565.2400
Suite 3800  FAX 312 565.8300
130 East Randolph Street  WEB www.srzlaw.com
Chicago, Illinois 60601

SCHUYLER, ROCHE & ZWIRNER
*A Professional Corporation*

CHICAGO | EVANSTON

DANIEL V. KINSELLA
*Attorney at Law*
TEL 312 565.1033
FAX 312 565.8300
dkinsella@srzlaw.com

June 8, 2005


**VIA FACSIMILE**

Michael Kathrein
7601 Eastlake Terrace
Chicago, IL 60626

Re: *Michael L. Kathrein v. R.J. Siegel*; Case No. 05 C 1718

Dear Mr. Kathrein:

This is to put you on notice that we represent R.J. Siegel in the above-captioned lawsuit. For the reasons stated in our Motion to Dismiss, etc. which has been served on you and for the reasons stated in our Motion for Sanctions, we have concluded and will assert that this action has been filed for improper purposes. It is frivolous and without merit. We, therefore, request that you voluntarily dismiss the action before any further costs and expenses are incurred.

Although you are not a lawyer, your complaint is still subject to the requirements of Rule 11, which require that every pleading or other paper signed by a party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that the paper:

 (1) is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

 (2) the claims, defenses and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

 (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. Pro 11 (a) and (b).


EXHIBIT

1

We have filed our motion to dismiss in the above-captioned complaint . We have also prepared our Motion for Sanctions which is served on you together with this letter. Pursuant to Rule 11 you have 21 days to voluntarily dismiss this action.

Very truly yours,

Daniel V. Kinsella

DVK/etl
435733_1.DOC